UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| OHIO SCRAP CORPORATION, et al. | Case No. 3:14 CV 535 |
| Plaintiffs, | Judge Jeffrey J. Helmick |
| v. | REPORT & RECOMMENDATION |
| UNITED STATES OF AMERICA (DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE), | |
| Defendant. | Magistrate Judge James R. Knepp II |

## INTRODUCTION

Plaintiffs Ohio Scrap Corporation and Carrie and Todd Zapone (collectively, "Plaintiffs") bring this action to recover currency seized by Defendant United States of America (Department of Treasury, Internal Revenue Service) (the "Government") as part of a criminal investigation and subsequent forfeiture action (the "Complaint"). (Doc. 1). Specifically, Plaintiffs claim there is a discrepancy in the amount of currency seized by the IRS, i.e., that the IRS seized more currency than claimed in the forfeiture action.

Judge Helmick referred this case to the undersigned as it relates to the forfeiture action – Case No. 3:13 CV 905, *United States of America v. $1,264,00.00 in U.S. Currency* – currently pending by consent before the undersigned. (Non-document entry dated March 21, 2014).

The Government filed a Motion to Dismiss pursuant to Civ. R. 12(b)(1) for lack of subject matter jurisdiction (Doc. 7), Plaintiffs opposed (Doc. 8), and the Government replied (Doc. 11). For the reasons described below, the Court recommends the Government's Motion to Dismiss be GRANTED.

1

**BACKGROUND**

Pursuant to an internal criminal investigation for illegal structuring pursuant to 31 U.S.C. § 5324(a)(3), the Internal Revenue Service ("IRS") executed a search warrant at Plaintiffs' business location on November 8, 2012. (Doc 1, ¶¶ 8, 12). In accordance with the search warrant, the IRS discovered and seized currency in a safe. (*Id*.). On April 22, 2013, the Government filed a Verified Complaint in Forfeiture, naming the sum of One Million Two Hundred Sixty-Four Thousand Dollars in U.S. Currency ($1,264,000.00) as the defendant, which is the amount the IRS states was seized (Case No. 3:13 CV 905) (the "forfeiture case"). (Doc. 1, ¶¶ 10, 11, 12). However, on June 20, 2013, Plaintiffs submitted an Amended Verified Claim in the forfeiture case, claiming the IRS had actually seized at least Three Million One Hundred Fifty Thousand Dollars ($3,150,000.00). (Doc. 1, ¶ 13; Doc. 8, at 2). The forfeiture case is currently pending.

Plaintiffs commenced this action for civil rights deprivations and to recover the alleged funds not accounted for in the forfeiture case. The Government moves to dismiss Plaintiffs' claims for lack of subject matter jurisdiction based on Plaintiffs' failure to identify a waiver of sovereign immunity.

**MOTION TO DISMISS**

Where subject matter jurisdiction is challenged in a Rule 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. Fed.R.Civ.P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

A facial attack challenges the sufficiency of the pleading itself. Where the Rule 12(b)(1) motion presents a facial attack, the Court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, similar to the standard for a Rule 12(b)(6) motion. *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). For a facial attack, the plaintiff can survive a Rule 12(b)(1) motion to dismiss by showing that the complaint alleges a claim cognizable under federal law and the claim is "substantial." *Moher v. United States*, 875 F. Supp. 2d 739, 748-49 (W.D. Mich. 2012). A claim is substantial unless prior court decisions inescapably render it frivolous. *Id*. (citing *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610-11 (6th Cir. 2008); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002)). A plaintiff can survive a facial attack by showing any arguable basis in the law for his claims. *Metro Hydroelectric*, 541 F.3d at 610-12; *Board of Trustees v. City of Painesville*, 200 F.3d 396, 398 (6th Cir. 1999); *Moore v. Ferrellgas, Inc*., 533 F. Supp. 2d 740, 744 (W.D. Mich. 2008).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *Id*. Where the motion presents a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the Court weighs the evidence to determine whether subject matter jurisdiction exists. On a factual attack, the Court has broad discretion to consider extrinsic evidence, including affidavits and documents, and can conduct a limited evidentiary hearing if necessary. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.2004); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). The district court's factual findings, however,

do not bind the Court in future proceedings, and "[t]he res judicata effect of a 12(b)(1) motion is ... limited to the jurisdictional issue." *Ohio Nat'l Life Ins. Co*., 922 F.2d at 325.

Here, the Government presents a facial attack on subject matter jurisdiction; therefore, the Court will not consider extrinsic evidence and accepts the material allegations in the Complaint as true, construing them in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598.

## DISCUSSION

Plaintiffs allege the Court has subject matter jurisdiction pursuant to (1) 28 U.S.C. § 1331; (2) 28 U.S.C. §§ 1340; (3) 28 U.S.C. 1346(a)(1) and 26 U.S.C. § 7422; and (4) 42 U.S.C. § 1983. (Doc. 1, ¶¶ 2, 17-21). The Government moves to dismiss Plaintiffs' claims for lack of subject matter jurisdiction based on Plaintiffs' failure to identify a waiver of sovereign immunity. The Court takes each jurisdictional claim in turn.

**28 U.S.C. §§ 1331, 1340**

Plaintiffs first rely on § 1331, the general jurisdiction statute for federal questions, as a basis for subject matter jurisdiction. However, the United States, as sovereign, is immune from suit except to the extent that it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This principle of sovereign immunity "extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity." *Whittle v. United States*, 7 F. 3d 1259, 1262 (6th Cir. 1993) (affirming dismissal of suit against federal agency because federal question jurisdictional statute is not a general waiver of sovereign immunity).

Plaintiffs bear the burden of establishing that the Court has subject matter jurisdiction over their claims. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), cert. denied 450 U.S. 981 (1981). "The federal question jurisdictional statute is not a general waiver of sovereign

4

immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain." *Whittle*, 7 F. 3d. at 1262 (citing *Coggeshall Development Corp. v. Diamond*, 884 F.2d 1, 4 (1st Cir. 1989).

Likewise, 28 U.S.C. § 1340 is a general jurisdictional statute for any civil action arising under any Act of Congress provided for internal revenue; however, like § 1331, it does not, by itself, constitute waiver of sovereign immunity. *Petroswill Chem. v. IRS*, 1993 U.S. Dist. LEXIS 9982, at *6-8 (N.D. Ohio). Because Plaintiffs have failed to show the IRS has waived sovereign immunity there is no subject matter jurisdiction pursuant to §§ 1331 and 1340.

**28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422**

Next, the Government asserts 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, taken together, cannot establish subject matter jurisdiction because both statutes deal explicitly with suits for wrongly assessed or collected taxes. (Doc. 7, at 4-7). Plaintiffs counter that language in § 1346(a)(1) allows for recovery of a "penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected." (Doc. 8, at 3). Plaintiffs also briefly assert that the amount seized was "partly as an alleged tax penalty" which the IRS failed to properly account for, "making the excess currency a sum wrongfully collected without authority." (*Id*.).

Under 28 U.S.C. § 1346(a)(1), district courts have jurisdiction to hear:

Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

Here, Plaintiffs have failed to plead any facts supporting their argument that the currency was seized as part of a tax collection. Rather, the currency seized, not collected, by the IRS was

5

premised on forfeiture for illegal structuring in violation of 31 U.S.C. § 5324(a)(3). Plaintiffs plead as much by incorporating the forfeiture case as part of their Complaint. Moreover, Plaintiffs fail to cite any legal authority to support their proposition that § 1346(a)(1) provides statutory authority to bring suit for the recovery of currency seized for criminal investigations.

A strict reading of § 1346(a)(1) reveals that jurisdiction is strictly intended for "the recovery of any internal revenue tax" or "any penalty . . . wrongfully collected under the internal revenue laws." Indeed, case law provides § 1346(a)(1) provides jurisdiction "with respect to refund suits by taxpayers to recover internal revenue taxes alleged to have been erroneously or illegally assessed." *Miller v. United States*, 784 F. 2d 728, 729 (6th Cir. 1986); *see also Surowka v. United States*, 909 F. 2d 148 (6th Cir. 1990); *see also Morgan v. Bureau of Alcohol, Tobacco, Firearms*, 389 F. Supp. 1099, 1101 (E.D. Tenn. 1974) (no subject matter jurisdiction under §1346(a)(1) for recovery of firearms administratively seized and forfeited to the Secretary of the Treasury). Simply put, the wrongful collection of a tax penalty erroneously or illegally assessed is entirely distinct from currency seized pursuant to a criminal investigation, and this Court cannot open the door to entertain jurisdiction for the latter without appropriate statutory authority to do so.

Accordingly, the Court finds seizure of currency is not a recoverable penalty or tax as contemplated under § 1346(a)(1). In so finding, the Court need not address whether Plaintiffs met the jurisdictional administrative exhaustion requirements of 26 U.S.C. § 7422.

**42 U.S.C. § 1983**

Plaintiffs also assert a § 1983 action against the IRS for constitutional deprivations because the agency failed "to account for and pay over the sums seized in excess of the amount claimed and subject to the pending forfeiture action". (Doc. 1, at 5). In doing so, Plaintiffs rely

6

on *Ruhlmen v. Ulster Cnty. Dep't of Soc. Servs.*, 234 F. Supp. 2d 140, 161 (N.D.N.Y.) to argue that a "sufficiently close nexus" existed between the local Brinks and local or state law enforcement when handling, counting, and storing the currency as to provide jurisdiction under § 1983. (Doc. 8, at 6). However, Plaintiffs' reliance on *Ruhlman* is misplaced because "[t]he federal government and its officials are not subject to suit under 42 U.S.C. § 1983." *Corner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004). Accordingly, § 1983 does not confer subject matter jurisdiction for the case at bar.

To the extent Plaintiffs' § 1983 action can be liberally construed as a *Bivens* claim, it must also be dismissed. *Bivens* provides a limited cause of action against individual federal government officers acting under the color of federal law alleged to have acted unconstitutionally. *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights); *Garvin v. Corrections Corp. of America, Inc*., 2012 WL 262725, at *2 (N.D. Ohio). However, "*Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations." *Garvin*, 2012 WL 262725, at 2. Accordingly, a *Bivens* action cannot be brought against an entity such as the IRS, or the United States Government. *Id*.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court grant the Government's Motion to Dismiss and dismiss Plaintiffs' claims for lack of subject matter jurisdiction.

    s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified

8

time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Case: 3:14-cv-00535-JJH Doc #: 12 Filed: 08/27/14 8 of 8. PageID #: 76